**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

LINDA S. COMPTON PLAINTIFF

v. NO. 4:06cv01265 WRW-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Linda S. Compton, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by vasculitis,[1] fibromyalgia, hypothyroidism and high blood pressure. (Tr. 118.) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through December 30, 2005, the date of his decision. (Tr. 23.) On July 14, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6.) Plaintiff then filed her complaint initiating this appeal (docket entry #1).

---

[1]Vasculitis is inflammation of blood vessels, which may be generalized or localized. It can be a component of a number of systemic diseases. The Merck Manual 272 (18th ed. 2006).

[2]The Hon. David J. Manley.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 46 years old at the time of the hearing. (Tr. 476, 502.) She has a General Equivalency Diploma and additional training as a financial advisor. (Tr. 476.) She has past relevant work as a financial advisor, licensed para planner independent contractor, work station analyst and administrative assistant. (Tr. 14, 143.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4) (2005). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 22.) He found that she had a "severe" impairment. (Tr. 15.) He found that she had fibromyalgia, but that she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 22.) He judged that Plaintiff's subjective allegations were not borne out by the overall evidence and were not fully credible to the extent alleged. Id.

The ALJ found that Plaintiff retained the residual functional capacity for medium work. (Tr. 23.) He recognized that Plaintiff's past relevant work did not require the performance of work-related activities precluded by her limitations, and that her impairments did not prevent her performing any of her past relevant work. Id. Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff argues that the ALJ did not address Plaintiff's allegation of fatigue within his decision. (Br. 22.) To the contrary, several comments indicate that he did take her allegations of fatigue into account. "It is interesting to note that during an office visit of July 31, 2002, the claimant stated that she had quit her job due to arthralgias, myalgias, and fatigue. (Tr. 15.) (Emphasis added.)

> The claimant applied for disability insurance benefits (Title II) and supplemental security income (Title XVI) alleging disability due to fibromyalgia, hypothyroidism, high blood pressure, vasculitis, myeloproliferative disease/disorder, chronic inflammation and swelling,

> extreme fatigue, polyarteritis nodosa and depression.

(Tr. 14.) (Emphasis added.)

> I acknowledge that the claimant has insisted in her testimony that she is unable to perform any kind of work because of constant muscular aches and pain due to fibromyalgia, surgery on her right foot, asthma, hypothyroidism, vasculitis, myeloproliferative disease, chronic inflammation and swelling, extreme fatigue, polyarteritis nodosa, and depression. These allegations have been considered pursuant to the guidelines in Social Security Ruling 96-7p and Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted). However, after careful consideration, her allegations must be rejected as not being credible to the extent alleged.

(Tr. 19.) (Emphasis added.) Plaintiff's point is not well taken. The ALJ addressed her allegation of extreme fatigue but found it, along with other subjective complaints, less than credible. (Tr. 19-20.)

Plaintiff also argues that the ALJ did not fully and fairly develop the record with respect to the issue of fibromyalgia. (Br. 23.) She does not, however, identify what further evidence the ALJ should have obtained. Id. There is a significant amount of evidence in the record pertaining to Plaintiff's fibromyalgia. The ALJ found that the medical evidence established that Plaintiff had fibromyalgia. (Tr. 22.) Although it is not clear from his opinion, it appears that the ALJ treated her fibromyalgia as a "severe" impairment. Id. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). There is sufficient evidence in the record in this case. Absent unfairness or prejudice, which Plaintiff has not demonstrated, remand is not appropriate. Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995); Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues that the ALJ passed over the significance of her diagnosed

myeloproliferative disorder[3]/thrombocytosis,[4] active hypertension, active osteoarthritis, active hypothyroidism and active hyperlipidemia. (Br. 23-24.) Plaintiff does not indicate how those conditions were of significance to the disability picture and does not cite any law or cite to the record in support of her contention. A failure to flesh out an argument is waiver of the argument. "[W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned). A fair reading of the ALJ's opinion reveals that he properly focused on Plaintiff's ability to function, rather than on diagnoses. Anderson v. Apfel, 996 F.Supp 869, 873 (E.D. Ark. 1998). A medical condition is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990).

---

[3]Pertaining to or characterized by unusual proliferation of the tissue elements of bone marrow, or any of the types of blood cells derived from bone marrow, or both processes. PDR Medical Dictionary 1171 (2d ed. 2000).

[4]An increase in the number of platelets in the circulating blood. Id. 1831.

Finally, Plaintiff contends that her assertions concerning her inability to perform her job were most credible. (Br. 24.) The ALJ considered Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[5] (Tr. 15-21.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the

---

[5]The ALJ also cited Social Security Ruling 96-7p. (Tr. 19.) That Ruling tracks Polaski and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

record as a whole); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

As the ALJ noted, Plaintiff consistently had relatively good range of motion in her joints and lab reports have been normal. (Tr. 21.) She has been directed to exercise and to quit smoking, but has done neither. Id. During the time that she alleged she was disabled, she and her husband vacationed in Las Vegas and Hawaii. (Tr. 187, 484, 368.) Her doctor reported she did well in Hawaii. (Tr. 368.)

The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's

decision is not based on legal error.

THEREFORE the Magistrate Judge recommends that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 23rd day of January, 2008.

UNITED STATES MAGISTRATE JUDGE